HALSEY D. WOLCOTT & another *vs.* BOSTON FAUCET COMPANY.

It is no defence to an action by the payee on a negotiable promissory note, that the plaintiff had pledged it to a third person as collateral security for a debt of which he had since tendered payment, which the pledgee refused to receive or to give up the note.

ACTION OF CONTRACT upon a promissory note made by the defendants, payable to the plaintiffs' order. Answer, that the payees and nominal plaintiffs pledged the note, without indorsing it, to Ellis B. Pitcher, as collateral security for a debt due from them to him, and, before the note became due, tendered to Pitcher payment of the debt, and demanded the note, but that Pitcher refused to return it, and after its maturity commenced this action without the authority or consent of the payees. The plaintiffs demurred to the answer, as setting forth no legal defence.

*C. B. Farnsworth,* for the plaintiffs. The defendants have no right to set up this defence. It does not concern them. Pitcher, the pledgee, once had a right of action on the note. The tender did not affect that right. *Jarvis* v. *Rogers,* 15 Mass. 389. *Stearns* v. *Marsh,* 4 Denio, 227.

*E. H. Bennett,* for the defendants. If the plaintiffs had in fact paid the debt for which the note was pledged to Pitcher, his right to sue on it in the name of the pledger would have ceased. *Bowditch* v. *Green,* 3 Met. 360. *Parks* v. *Hall,* 2 Pick. 206. The tender of the debt has the same effect. Story on Bailments, § 346.

BY THE COURT. The answer is insufficient. If the facts pleaded were true, they showed a revocation of the authority to Pitcher, but no bar to the action, of which the defendant could avail themselves. If the promisees, plaintiffs of record come in and disclaim, it will be different.